UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

VICTOR MAKRAS,

    Defendant.

Case No. 21-cr-00402-RS-2

**ORDER RE MOTIONS IN LIMINE**

Defense Motions

*Motion No. 1*

Defendant Victor Makras moves in limine to exclude all so-called "honest services fraud" evidence—*i.e.*, evidence relating to the crimes charged against his now-severed co-defendant Harlan Kelly, but which are not alleged against him. Rule 404 of the Federal Rules of Evidence may be at least tangentially relevant to some of the evidence in dispute, but not necessarily to all of it. Rule 404(b)(1) provides: "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Here, none of the disputed evidence discussed in this motion relates to an "other crime, wrong, or act" *of Makras*, and of course is not offered to prove *his* character or that he acted in accordance with such character.

Rather, the evidence relates to the conduct of Kelley. At least some of it arguably is intended to support an inference that he has a character for dishonesty and that he acted in

accordance with that character to carry out his part of the conspiracy. The government insists, of course, that the purpose of the evidence is not to prove Kelly's "character" at all, but to explain the purpose of the alleged bank fraud, and Kelly's motives and intent in carrying it out. Section 404(b)(2) does expressly provide that evidence of other crimes/wrongs/acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

The admissibility of the challenged evidence in this trial, where Makras is the only defendant, is perhaps more easily analyzed under traditional rules of *relevance* and *prejudice*, rather than as a prototypical question under section 404. Under either analytical framework, however, this trial is about Makras' alleged participation in a conspiracy with Kelly to defraud and make false statements to Quicken loans—it is not about the other charges the government will be pursuing against Kelly. While more precise line drawing may need to be done at trial in light of the specific evidence that emerges, the following general rules will apply.

The government will be permitted to introduce evidence that Walter Wong performed contracting services on Kelly's house, and the timing of the billing and payments for those services. Absent a foundational showing that Makras knew or should have known of the alleged connection between Wong's conduct and his desire to "curry favor" with hopes of obtaining the city LED lighting contract, however, evidence on that topic will not be admitted. To the extent it might be tangentially relevant, its probative value is outweighed by it potential for undue prejudice.

*Motion No. 2*

Again, absent a foundational showing that Makras had any knowledge of the contents of Kelly's Form 700 disclosures, evidence on that topic will not be admitted. To the extent it might be tangentially relevant, its probative value is outweighed by it potential for undue prejudice.

*Motion No. 3*

Makras seeks to exclude evidence that he was appointed to the San Francisco Employees' Retirement System ("SFERS") Board in 2010; was elected President of SFERS on June 12, 2013, and a day later, "acknowledged [Kelly's] help in securing this position," including by texting Kelly to say "[t]hank[] you for all your help and support at SFERS." This evidence does not implicate rule 404(b) at all. It may be of only limited relevance and probative value, but neither is it unfairly prejudicial. It will not be excluded.

*Motion No. 4*

Makras moves to exclude evidence that on November 21, 2013, a real estate developer, "J.M.," asked Makras for help obtaining Kelly's assistance as head of the PUC "in exempting one of J.M.'s projects from a city permitting requirement"; that Makras conveyed J.M.'s request to Mr. Kelly and texted Kelly to check on the status of J.M.'s request; and that "Mr. Kelly issue[d] J.M. the exemption he was seeking from city permit requirements" on the same day that Makras texted Kelly to check on the status of the request. This evidence is sufficiently relevant and not unduly prejudicial. The government does not appear to contend there was anything improper in J.M. seeking assistance from Makras, in Makras providing that assistance, or in Kelly issuing the exemption. Whether or not an instruction to that effect would be warranted if Makras requests one will be reserved for trial.

*Motion No. 5*

Makras seeks to preclude the government from using any form of the word "backdated" to describe a document titled "Straight Note-Modification" that was created and signed in 2014, but which bears a date of December 2, 2013. The motion is denied. Makras is free to argue that it is not automatically misleading or otherwise wrongful to place a date on a document that is earlier than when it was actually signed or an agreement was actually formed, and he is free to argue that it was not misleading or otherwise wrongful in this instance.

1  Government motions

2  *Motion No. 1*

3  The government seeks an in limine ruling that it will be able to introduce at trial various specified emails, text messages, and documents that it contends represent admissible statements of Kelly, as Makras' alleged co-conspirator. Makras opposes, suggesting instead that any rulings be deferred until trial, and/or that the court hold a separate evidentiary hearing, with witnesses, to determine the admissibility of the proffered coconspirator statements.

A statement by a co-conspirator is admissible if the government establishes by a preponderance of the evidence that 1) a conspiracy existed at the time the statement was made; 2) the defendant had knowledge of and participated in the conspiracy, and 3) that the statement was made in furtherance of the conspiracy. *United States v. Larson*, 460 F.3d. 1200, 1211 (9th Cir. 2006). "Once the conspiracy has been proven under these standards, only "slight evidence" is necessary to connect a coconspirator to the conspiracy. *See United States v. Perez*, 658 F.2d 654, 658 (9th Cir. 1981). Although insufficient on their own, the "district court may consider the coconspirator's statements themselves in determining whether the preliminary fact of a conspiracy has been proven by a preponderance of the evidence." *United States v. Knigge*, 832 F.2d 1100, 1103 (9th Cir. 1987) amended, 846 F.2d 591 (9th Cir. 1988) (citing *Bourjaily v. United State*s, 483 U.S. 171 (1987)); *United States v. Williams*, 989 F.2d 1061, 1067 (9th Cir. 1993).

Here, with one exception, the government's motion has presented sufficient foundational evidence to conclude that the statements it seeks to introduce are conditionally admissible, subject to being stricken if necessary. *See United States v. Zemek*, 634 F.2d 1159, 1169 (9th Cir. 1980) ("[T]he order of proof is within the sound discretion of the trial court. . . . The procedure of conditionally admitting co-conspirator's statements subject to later motions to strike is well within the court's discretion."); *see also id* at 1169 n.13 ("In light of consistent Ninth Circuit precedent allowing conditional admission, we reject Janovich's argument for a mandatory pretrial determination.") The text from Kelly to Walter Wong on September 21, 2014 ("Btw, my loan was approved. We need to get together to chat how to reimburse you and rfp. I should get the money in

three weeks"), however, will not be ruled conditionally admissible, at least at this juncture.

*Motion No. 2*

The government's request to designate Phil Villanueva, a financial fraud investigator, as a summary witness is granted. The government will be held to its representation that it will provide in advance of trial Villanueva's CV, an estimate of the number of trials in which he has testified as a government witness, and the bates number ranges of the documents that he intends to summarize.

*Motion 3*

Concerned that Makras may argue negligence or oversight on the part of the underwriter means the allegedly false statements were not material, the government moves to exclude expert testimony that Quicken Loans was negligent in reviewing Kelly's mortgage application. The expert disclosure, however, reveals the expert does not intend to offer any such opinion, and the opposition disclaims any such argument. The government may be satisfied with that response, as it filed no reply to this particular motion.

Makras's expert does intend to testify that "if Quicken had wanted to learn more about the $715,000 note and the $200,000 draw down obligation, its underwriters could have and would have asked." To the extent the government may wish to exclude such testimony, the motion is denied.

*Motion No. 4*

The government seeks a ruling that Makras's prior statements "are admissible if offered against him" but that he cannot offer his own prior statements. Makras correctly argues these issues can be addressed if and when they come up, in context, at trial. The government filed no reply on this motion. It is denied, without prejudice to specific offers of evidence, and specific objections, at trial.

*Motion No. 5*

The parties have agreed to meet and confer regarding the use of any exhibits in opening statements.

*Motion No. 6*

The government requests an order excluding all non-expert witnesses from trial (except, of course, when testifying). See Fed. R. Evid. 615 ("At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own."). Makras did not object, except that the government originally sought permission for *two* of its witnesses be exempted from the sequestration order. The government has now withdrawn its request for the second witness to be exempted. The motion is granted, with an exemption for one party witness per side.

*Motion No. 7*

Arguing FBI Form 302s are "often mishandled at trial," the government seeks an order precluding Makras from quoting or introducing the Form 302s, publishing the Form 302s to the jury, or otherwise suggesting to the jury that the Form 302s are statements of the witnesses. Makras responds this is another issue not appropriately addressed in advance of trial, in a vacuum, but that "he will of course comply with the Federal Rules of Evidence, and likewise expects the government to do so." The motion is denied without prejudice to specific objections at trial.

**IT IS SO ORDERED**.

Dated: July 28, 2022

RICHARD SEEBORG
Chief United States District Judge