BRIAN H GETZ, ESQ. (CSBN: 85593)
LAW OFFICES OF BRIAN H GETZ
90 New Montgomery Street, Suite 1250
San Francisco, CA 94105
Telephone: (415) 912-5886
Facsimile:  (415) 358-4770
Email: brian@briangetzlaw.com

JONATHAN MATTHEW BAUM (CSBN: 303469)
STEPTOE & JOHNSON LLP
One Market Street
Steuart Tower, Suite 1070
San Francisco, CA 94105
Telephone: (510)735-4558
Email: jbaum@steptoe.com

Attorneys for Defendant
HARLAN KELLY, JR.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     vs.<br><br>HARLAN KELLY, JR.,<br><br>                    Defendant. | Case No.: 21-CR-21-00402-RS<br><br>**JOINT PRETRIAL CONFERENCE STATEMENT**<br><br>Pret. Date:   June 14, 2023<br>Time:         10:00 a.m.<br>Dept.         Courtroom 3 – 17th Floor<br>Judge:        Hon. Richard Seeborg<br><br>Trial Date:   June 26, 2023 |

Pursuant to Criminal Local Rule 17.1-1(b), defendant Harlan Kelly, Jr. ("defendant") and the United States of America ("government"), by and through undersigned counsel, hereby respectfully submit the following Joint Pretrial Conference Statement.

//

//

Defendant is charged with one count of violating 18 U.S.C. § 371 for conspiring to make a false statement to a financial institution, one count of violating 18 U.S.C. § 1014 for making false statements to a financial institution, one count of violating 18 U.S.C. § 1349 for conspiring to commit bank fraud, one count of violating 18 U.S.C. § 1344(1), (2) for committing bank fraud, one count of violating 18 U.S.C. § 1349 for conspiring to commit honest services wire fraud, and four counts of violating 18 U.S.C. § 1343, 1346 for committing honest services wire fraud.

The case is currently set for trial on June 26, 2023, with a pretrial conference set for June 14, 2023 at 10:00 a.m.

**(1)   Disclosure and contemplated use of statements or reports of witnesses under the Jencks Act, 18 U.S.C. § 3500, or Fed. R. Crim. P. 26.2**

Defendant's Response:

The government furnished early *Jencks* and *Brady* material as well as timely Rule 16 discovery. Recently, witnesses have been re-interviewed and those 302 reports have been provided. It is anticipated that further government pretrial preparation will yield new discovery material. Defendant plans on amending the filed Exhibit List and Witness List as appropriate. Discovery underpinning the government's intended summary charts continue to be received. The defense has not received the completed charts anticipated for use at trial by the government. In a separate filing, the parties have addressed the contested issue of the admissibility of summary charts.

Government's Response:

The government has produced voluminous discovery pursuant to its obligations under Fed. R. Crim. P. 16, including documents, images, communications, and 302s and other reports of witnesses it intends to call at trial, as well as from other individuals with relevant statements.  In preparing for trial, the government is continuing to interview witnesses and to obtain evidence, and will produce new discovery promptly.  The government also recognizes and will comply with its ongoing obligation to provide the defense materials subject to Fed. R. Crim. P. 26.2, the Jencks Act, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Bagley*, 473 U.S. 667 (1985); and/or *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).

**(2)   Disclosure and contemplated use of grand jury testimony of witnesses intended to be called at the trial**

Defendant's Response:

The defense has not received any testimony from witnesses who testified before the grand jury.

Government's Response:

The government does not currently intend to call any witnesses at trial who testified before the grand jury in this matter or use grand jury testimony at trial.

**(3)   Disclosure of exculpatory or other evidence favorable to the defendant on the issue of guilt or punishment**

Defendant's Response:

The witness lists submitted by the parties overlap as to several witnesses. To the extent that statements by those witnesses have disclosed evidence favorable to the defendant, receipt is acknowledged.

Government's Response:

The United States is aware of and will continue to comply with its ongoing obligations under *Brady, Giglio,* and their progeny.  As noted above, in preparing for trial, the government continues to interview witnesses and to obtain and review evidence.  And the government will continue to comply with its ongoing obligation to provide the defense with materials subject to Fed. R. Crim. P. 26.2, *Jencks, Brady, Giglio*, *Bagley*, and/or *Henthorn*.

**(4)   Stipulation of facts which may be deemed proved at the trial without further proof by either party and limitation of witnesses**

Defendant's Response:

The parties are preparing to file a joint proposed stipulation concerning the authenticity and business records admissibility of documents sought for use at trial. The process is ongoing. The parties will identify documents in which there is no agreement as to authenticity and/or admissibility. Further meet and confer is anticipated.

Government's Response:

The parties are negotiating and intend to file a joint proposed stipulation concerning the authenticity and business records status of various documents and communications.  The parties also intend to file a joint proposed stipulation that the wirings that form the basis for Counts Six, Seven, Eight, and Nine in the Superseding Indictment (charging Honest Services Wire Fraud) traveled either in interstate or foreign commerce, meeting that element of the offense. The parties also intend to file a joint proposed stipulation that Quicken Loans is a financial institution, as defined by 18 U.S.C. § 20, so meeting that element of the bank fraud offense.

Should the parties reach further stipulations of fact, including further stipulations as to the authenticity and/ or the admissibility of documents, the parties will timely file a supplemental proposed stipulation with the Court.

**(5)  Appointment of Court of interpreters under Fed. R. Crim. P. 28**

Defendant's Response:

The defense has no interpreter-dependent witnesses.

Government's Response:

The government may use a Court-certified Cantonese interpreter with one witness, Walter Wong.

**(6)  Dismissal of counts and elimination from the case of certain issues, e.g., insanity, alibi and statute of limitations**

Defendant's Response:

Mr. Kelly has not raised any issue pertinent to those defenses.

Government's Response:

The government agrees with the defendant's representation above.

**(7)  Joinder pursuant to Fed. R. Crim. P. 13 or the severance of trial as to any co-defendant**

Defendant's Response:

Co-defendant Makras proceeded to trial, was convicted, and has appealed. That case is not

final and has been addressed in a motion in limine.

Government's Response:

The government agrees with the defendant's representation above.

**(8)  Identification of informers, use of lineup or other identification evidence and evidence of prior convictions of defendant or any witness, etc.**

Defendant's Response:

Identification evidence is not anticipated as an issue at trial. Mr. Kelly has no criminal history records. The defense has no information that any defense witnesses have criminal history.

Government's Response:

The government does not intend to use any undisclosed or unidentified informants at trial. The government is not aware of any criminal convictions of defendant Kelly or any other witness the government intends to call.

**(9)  Pretrial exchange of lists of witnesses intended to be called in person or by deposition to testify at trial, except those who may be called only for impeachment or rebuttal**

Defendant's Response:

The defense has timely filed its witness list and will amend if needed.

Government's Response:

The parties have exchanged witness lists and exhibits lists, and have filed witness and exhibit lists.  Dkt. Nos. 239, 242.   The government will promptly amend and file its witness list and exhibit list if it adds exhibits or witnesses it intends to call during its case-in-chief.

**(10)  Pretrial exchange of documents, exhibits, summaries, schedules, models or diagrams intended to be offered or used at trial, except materials that may be used only for impeachment or rebuttal**

Defendant's Response:

Mr. Kelly intends to produce prior to trial all evidence to be offered in his case in chief. Production has been on-going. The defense has produced all documents which reasonably could

become relevant during the course of the trial. Mr. Kelly has made a good faith effort to comply with the government request for reciprocal discovery.

Government's Response:

The United States has received minimal discovery from the defendant, a total of five witness interviews. It has not received any documents, including documents listed on defendant's exhibit list. The United States will move to exclude any evidence offered by defendant Kelly in his case in chief that is not produced prior to trial. *See United States v. Scholl*, 166 F.3d 964, 972 (9th Cir. 1999) (affirming district court's exclusion of checks that were not produced by defendant to the government prior to trial); *United States v. Nash*, 115 F.3d 1431, 1439-40 (9th Cir. 1997) (affirming exclusion of defense expert who was not properly disclosed pursuant to Fed. R. Crim. P. 16(b)(1)); *United States v. Aceves-Rosales*, 832 F.2d 1155, 1156-57 (9th Cir. 1987) (per curiam) (affirming district court's exclusion of medical report not produced by defendant). The government has produced extensive discovery to the defendant, as noted above. In addition, prior to trial, the government will provide the defendant with an electronic copy of the government's intended exhibits, to assist the defendant in locating exhibits drawn from seized electronic devices.

**(11) Pretrial resolution of objections to exhibits or testimony to be offered at trial**

Defendant's Response:

The parties are discussing stipulating to the authenticity of business records and related documents. Contested items are being addressed in limine. The parties will meet and confer on all contested records prior to seeking resolution from the Court.

Government's Response:

The parties have moved *in limine* to admit and exclude certain evidence and the Court will rule on those motions, or hear them at the pretrial conference on June 14, 2023. The government will continue to work in good faith with defendant Kelly to resolve objections to exhibits or testimony prior to trial, in order to streamline presentation for the jury.

**(12) Preparation of trial briefs on controverted points of law likely to arise at trial**

Defendant's Response:

Mr. Kelly has no present plan to submit a trial brief.

Government's Response:

The government may submit a trial brief. If it does, it will do so by June 21, 2023, the deadline set in the Amended Stipulated Scheduling Order. *Dkt. 229.*

**(13) Scheduling of the trial and of witnesses**

Defendant's Response:

The defense believes that the case can be submitted to the jury in two weeks, even though the second week is three days instead of five. Precision cross-examination on behalf of Mr. Kelly is planned.

Government's Response:

The government agrees that, absent extended cross-examination or the calling of as-yet undisclosed witnesses, the trial can be completed and submitted to the jury in two weeks.

**(14) Request to submit questionnaire for prospective jurors pursuant to Crim. L.R. 24-1, voir dire questions, exercise of peremptory and cause challenges and jury instructions**

Defendant's Response:

In addition to the jury questionnaire, the defense requests 45 minutes of voir dire of prospective jurors.

Government's Response:

The government believes that 20 minutes per side of prospective juror *voir dire* is sufficient, in addition to the *voir dire* conducted by the Court and the written responses to the jury questionnaire.

**(15) Any other matter which may tend to promote a fair and expeditious trial**

Joint Response:

The parties have been working together to resolve matters in an effort to promote a fair and expeditious trial. Disagreements will be thoroughly discussed with an eye to resolution prior to seeking judicial intervention.

                    Respectfully Submitted,

Dated: May 26, 2023                THOMAS A. COLTHURST
                                            Attorney for the United States

                                            */s/*
                                            DAVID WARD
                                            KRISTINA GREEN
                                            Assistant United States Attorneys

Dated: May 26, 2023

                                            */s/*
                                            BRIAN H. GETZ
                                            LAW OFFICES OF BRIAN H. GETZ
                                            Attorney for Defendant KELLY

                                            */s/*
                                            JONATHAN BAUM
                                            STEPTOE & JOHNSON
                                            Attorney for Defendant KELLY