KEKER, VAN NEST & PETERS LLP
JOHN W. KEKER - # 49092
jkeker@keker.com
JAN NIELSEN LITTLE - # 100029
jlittle@keker.com
CODY GRAY - # 310525
cgray@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant VICTOR MAKRAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>VICTOR MAKRAS,<br><br>          Defendant. | Case No. 3:21-cr-00402 RS<br><br>**UNOPPOSED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Dept.:     Courtroom 3 – 17th Floor<br>Judge:     Hon. Richard Seeborg<br><br>Date Filed: October 19, 2021<br><br>Trial Date: August 15, 2022 |

I.      INTRODUCTION

Defendant Victor Makras hereby moves the Court to terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1).  Mr. Makras' three-year term of supervised release began on December 23, 2022.  Mr. Makras has completed 19 months—over half—of his supervisory term.  Both his supervising United States Probation Officer, Carla Navarro, and the Government (through Assistant United States Attorney David Ward) have advised undersigned counsel that they **do not oppose** early termination of Mr. Makras' supervision.  *See* Declaration of Jan Nielsen Little filed herewith ("Little Decl.") at ¶¶ 2-3.

II.     BACKGROUND

Mr. Makras was convicted on August 26, 2022, of two non-violent offenses:  false statements to a bank and aiding and abetting, and bank fraud and aiding and abetting.  On December 20, 2022, Mr. Makras was sentenced to time served and to pay a $15,000 fine, and to serve three years of supervised release.  Dkt. 200.  At the time sentence was imposed, the Court indicated that it "might consider" early termination of supervised release, "at an appropriate point."  Dkt. 203 (Sentencing Tr.) at 18:16-17.

Mr. Makras paid his $200 special assessment on the day of sentencing, December 20, 2022, and he paid the entirety of his fine a week later, on December 27, 2022.  Dkts. 207, 208.  During his period of supervision Mr. Makras has complied with all conditions of release, including timely submission of his pay stubs every two weeks, and obtaining permission for all travel.  His supervision record is unblemished. Little Decl. at ¶ 4.

III.    **MR. MAKRAS IS AN APPROPRIATE CANDIDATE FOR EARLY TERMINATION OF SUPERVISION.**

Having served over 19 months of supervised release, Mr. Makras is *eligible* for early termination of supervised release under 18 U.S.C. § 3583(e)(1), which authorizes a Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision, if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

The Judicial Council's Guide on Judiciary Policy counsels a ***presumption*** in favor of

recommending early termination for supervisees after the first eighteen months, for supervisees who are not "career violent and/or drug offenders, sex offenders, or terrorists," if they "present no identified risk to the public or victims," and if they are "free from any moderate or high severity violations." Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 380.10(e)(1)(A)-(C), "Early Termination" (Monograph 109) (rev'd 2010), *cited in United States v. Manzo*, No. 2:18-CR-0155 WBS (E.D. Cal. Feb. 9, 2022) (granting early termination of supervised release). The Judicial Conference further has identified criteria for Probation Officers to consider in assessing eligibility for early termination of supervision, including stable community reintegration, compliance with all conditions of supervision, no aggravated role in the offense of conviction, no history of violence, no recent arrests or convictions, no recent evidence of alcohol or drug abuse, no recent psychiatric episodes, no identifiable risk to the safety of any identifiable victim, and no identifiable risk to public safety. *Guide to Judiciary Policy, supra.*, at § 380.10(b).

Mr. Makras' conduct while on supervised release has more than satisfied all of these criteria. He has fully paid his fine obligation. He has had minimal special conditions, and has fully complied with all of them. He is well integrated into his community and is a valued worker, family member, and citizen.

Given Mr. Makras' performance on supervised release, and considering the legal and policy arguments supporting early termination of supervision for a supervisee of his nature who has completed over 19 months of supervision, Mr. Makras respectfully requests that the Court order that his term of supervision be terminated under 18 U.S.C. § 3583(e).

Respectfully submitted,

Dated: August 9, 2024                    KEKER, VAN NEST & PETERS LLP

By:  /s/ *Jan Nielsen Little*
JOHN W. KEKER
JAN NIELSEN LITTLE
CODY GRAY

Attorneys for Defendant VICTOR MAKRAS